IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **QUESHAN BROOKS, #502214,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **NO. 3:25-cv-00936** |
| | ) | |
| **STATE OF TENNESSEE,** | ) | **JUDGE CAMPBELL** |
| | ) | |
| **Respondent.** | ) | |

**MEMORANDUM OPINION AND ORDER**

State inmate Queshan Brooks initiated this action by filing a pro se Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. (Doc. No. 1.) Respondent subsequently filed a Motion to Dismiss the Petition based on the statute of limitations (Doc. No. 12), supported by a memorandum of law (Doc. No. 13) and the record of proceedings in state court. (Doc. No. 9.) Petitioner then filed a Response (Doc. No. 14) to the Motion to Dismiss, and Respondent filed a Reply (Doc. No. 15) to Petitioner's Response.

Respondent's Motion to Dismiss is now before the Court for disposition. Having considered the pleadings and record, the Court finds that an evidentiary hearing is not needed to resolve the Motion. *See Kitchen v. Bauman*, 629 F. App'x 743, 749 (6th Cir. 2015) (citing *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011)) (finding it within district court's discretion, after review of petitioner's factual allegations and the state court record, to hold evidentiary hearing to determine petition's timeliness). As explained below, this action is untimely and will be dismissed on that basis.

## I. BACKGROUND

In October 2019, Petitioner entered an open guilty plea to a Davidson County indictment charging him with three counts of first-degree premeditated murder, one count of first-degree felony murder, two counts of attempted first-degree murder, two counts of employing a firearm during the commission of a dangerous felony, one count of especially aggravated robbery, four counts of aggravated assault, and one count of theft. (Doc. No. 9-8 at 3–24.) He was sentenced to, *inter alia*, life in the penitentiary without parole. (*Id.* at 25–52.) The judgments against him entered on December 19, 2019. (*Id.*)

More than three years later, on May 16, 2023, Petitioner requested leave to pursue an untimely direct appeal in the Tennessee Court of Criminal Appeals (TCCA). (Doc. No. 9-1.) The TCCA directed Petitioner to show cause why his appeal should be allowed, as it was required to be filed "within thirty days of the date of the trial court's order" and was thus "over three years late." (Doc. No. 9-2.) Petitioner responded by generally citing the "ineffective assistance of counsel" and by claiming that he "had a sentencing hearing but was not sentenced there," and in fact "was never officially sentenced in [a] courtroom." (Doc. No. 9-3 at 1.) On July 20, 2023, the TCCA rejected Petitioner's attempt to show cause and dismissed the appeal as untimely. (Doc. No. 9-4.)

On November 27, 2023, Petitioner filed a pro se petition for post-conviction relief in the state trial court. (Doc. No. 9-8 at 74–93.) The trial court dismissed the post-conviction petition as untimely on January 8, 2024. (*Id.* at 94–97.) Petitioner appealed, but the TCCA affirmed the summary dismissal because Petitioner filed well beyond the one-year statute of limitations applicable to post-conviction petitions. (Doc. No. 9-12.) The TCCA declined to rehear the matter

(Doc. No. 9-14), and Petitioner's application for permission to appeal to the Tennessee Supreme Court was denied on June 20, 2025. (Doc. No. 9-17.)

On August 15, 2025, Petitioner filed the instant federal habeas case.

## II. ANALYSIS

A. Timeliness

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104–132, 110 Stat. 1214 (1996), habeas petitions are subject to a one-year statute of limitations. 28 U.S.C. § 2244(d)(1); *see Holland v. Florida*, 560 U.S. 631, 635 (2010). This one-year limitations period "run[s] from the latest of":

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Here, Respondent argues that Section 2244(d)(1)(A) applies, and Petitioner does not argue to the contrary. Under Section 2244(d)(1)(A), Petitioner's one-year limitations period began to run when his judgment of conviction became final due to "the expiration of the time for seeking [direct] review"—which, under Tennessee law, was thirty days after judgment entered against him on December 19, 2019. *See Wlodarz v. Parris*, No. 23-5433, 2023 WL 7413743, at *2 (6th Cir. Nov.

2, 2023) (citing *State v. Green*, 106 S.W.3d 646, 650 (Tenn. 2003)). The statute thus began to run in mid-January 2020 and expired in January 2021, over four years prior to this case's filing.

There do not appear to be grounds for starting the statutory clock any later. Section 2244(d)(1)(D) could conceivably apply based on the argument Petitioner made in seeking rehearing before the TCCA—that he only "learn[ed] about [his] sentence … through the news media" after being transferred from the Davidson County Jail to the Tennessee Department of Correction on December 20, 2019. (Doc. No. 9-6 at 6.) But his transfer from county jail to state prison should have alerted him to the factual predicate of his sentencing and ineffective-assistance claims, even before the news media did. In either event, the result is the same: this case was clearly filed several years too late.

B. <u>Tolling</u>

Petitioner's pursuit of state court remedies between 2023 and 2025 does not change the timeliness calculus. The statutory tolling provision, 28 U.S.C. § 2244(d)(2), provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." *Id.* However, if the pursuit of post-conviction remedies does not begin until after the one-year limitations period has run, statutory tolling under Section 2244(d)(2) does not apply. *See, e.g.*, *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 460 (6th Cir. 2012). And a motion such as Petitioner filed in May 2023 before the TCCA, "for delayed appeal[,] could not toll the already-expired statute of limitations." *Id.* at 462. Finally, even if the statute had not already expired, if, as here, "a state court rejects [the] post-conviction petition as untimely, then that petition was not 'properly filed' for purposes of the statutory tolling provision." *Edmonston v. Fitz*, No. 3:23-CV-00145, 2023 WL 2992178, at *2 (M.D. Tenn. Apr. 17, 2023)

(citing *Davis v. Bradshaw*, 900 F.3d 315, 323 (6th Cir. 2018)). Petitioner is not entitled to statutory tolling.

Although the running of AEDPA's statute of limitations may be equitably tolled in appropriate circumstances, *Keeling*, 673 F.3d at 462, Petitioner does not argue for equitable tolling. Instead, he argues that AEDPA's statute of limitations is effectively trumped in his case by the operation of Tennessee Rules of Criminal Procedure 43(a)(3) and 52(b), and Tennessee Rule of Appellate Procedure 36(b). (*See* Doc. No. 14 at 3.) Criminal Rule 43(a)(3) requires that a criminal defendant be present at the imposition of sentence. And, under Appellate Rule 36(b) and former Criminal Rule 52(b),[1] "[a]n error that affects a substantial right of a defendant may be raised *at any time* where necessary to do substantial justice." *State v. Carter*, 988 S.W.2d 145, 152 (Tenn. 1999) (emphasis added).

These state procedural rules do not override federal statutory limits on filing. In any case, Petitioner *did* raise the claim of the State's erroneous failure to secure his presence at sentencing, in his July 2023 response to the TCCA's show cause order concerning his late notice of appeal. (*See* Doc. No. 9-3 at 1.) After the TCCA rejected that claim and dismissed the appeal on July 20, 2023 (Doc. No. 9-4 at 2 (declining to excuse late appeal based on Petitioner's references to ineffective assistance and "other errors that occurred during the trial court proceedings")), Plaintiff waited another *two years* to file his federal habeas petition. With the statute having already run, his intervening, unsuccessful pursuit of state post-conviction relief did not buy him additional time. The only ground upon which he could hope to overcome the clear bar of Section 2244(d)(1)—

[1] The 2009 Advisory Commission Comment to Rule 52 states that the text of the rule was "deleted because harmless error and plain error are covered in amended Tennessee Rule of Appellate Procedure 36(b)."

actual innocence of the crimes of conviction[2]—is not asserted here. In short, this case was not timely filed, and there are no statutory or equitable grounds for tolling or avoiding the statute of limitations. The case must therefore be dismissed.

## III. CONCLUSION

As explained above, this action is time-barred. Accordingly, Respondent's Motion to Dismiss (Doc. No. 12) is **GRANTED**, and this action is **DISMISSED**.

This constitutes a "final order adverse to" Petitioner, and the Court must therefore "issue or deny a certificate of appealability." Habeas Rule 11(a). A certificate of appealability may issue only if Petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, a habeas petition is "denied on procedural grounds, the petitioner must show, 'at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Dufresne v. Palmer*, 876 F.3d 248, 253 (6th Cir. 2017) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Because reasonable jurists could not find it debatable that the Court is correct in its procedural ruling under the circumstances presented here, the Court declines to issue a certificate of appealability in this case. Petitioner may, however, seek a certificate of appealability directly from the Sixth Circuit Court of Appeals. Fed. R. App. P. 22(b)(1).

This is the final order in this action. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b)(1).

[2] *See McQuiggin v. Perkins*, 569 U.S. 383, 392–93 (2013) (recognizing that, as "an equitable exception to § 2244(d)(1)," "a credible showing of actual innocence may allow a prisoner to pursue his constitutional claims … on the merits notwithstanding the existence of a procedural bar to relief").

It is so **ORDERED**.

WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE